UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BOYD McCHRISTIAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:13-CV-058 PS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a habeas corpus case brought by Boyd McChristian, a pro se prisoner, attempting to challenge his murder conviction and 55 year sentence. DE 4. The respondent argues that McChristian's claims are procedurally defaulted. DE 13. In a prior order, I found that "[b]ased on the record before me, it appears that these claims are procedurally defaulted. McChristian has not yet presented anything to show that they are not. Nor has he presented evidence to excuse the default. However, given his assertion of actual innocence, I do not want to enter a final judgment in this case without affording him one last chance to address these issues." DE 46 at 7-8. In response, McChristian requested that I stay these proceedings so that he could ask the Court of Appeals of Indiana for leave to file a successive post-conviction relief petition. DE 47. I granted that motion and stayed this case. DE 51. He sought leave to file a successive post-conviction relief petition, but the Court of Appeals of Indiana denied his request. DE 54 at 3.

To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts. *Anderson v. Benik*, 471 F.3d 811, 814-15 (7th Cir. 2006)

(quotation marks and citation omitted). "To fairly present his federal claim, a petitioner must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). McChristian now correctly concedes that his claims are procedurally defaulted since they were never presented to the Indiana Supreme Court on either direct appeal, nor on appeal from the denial of post-conviction relief. DE 13-2 at 3-4 and 13-3 at 10. But McChristian argues that "the court should hear the habeas corpus petition despite the procedural default." DE 48 at 2. It is true that procedural default can be excused, "if the petitioner can show both cause for and prejudice from the default or can demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." *Richardson*, 745 F.3d at 272.

McChristian argues that his claims are defaulted because his direct appeal counsel did not "thoroughly investigate the trial record and present every available issue on direct appeal and petition to transfer to the Indiana Supreme Court." DE 48 at 4. Attorney error rising to the level of ineffective assistance of counsel can constitute cause to set aside a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991), *superseded by statute in part on other grounds*; *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). However, the exhaustion doctrine requires that an ineffective assistance claim be presented to the state court as an independent claim before it may be used to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). If the ineffective

2

assistance claim was not itself properly exhausted in state court, "the petitioner will be fully defaulted." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002). Such is the case here. McChristian did not present any claims to the Indiana Supreme Court. Therefore attorney error cannot be the "cause" to excuse procedural default.

McChristian has also submitted four documents spanning 56 pages again asking me to appoint him a lawyer as I am authorized to do under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B). [DE 55, 56, 57, and 58]. Nearly all of these pages are devoted to arguing the merits of his claims. McChristian argues that he needs a lawyer because his ineffective assistance of counsel claims are complicated. However, as previously explained in this order and others, unless he can overcome the procedural default, I cannot reach the merits of his claims. Therefore it is irrelevant how simple or complicated the merits of his claims may be.

McChristian also repeats his argument that he needs a lawyer because he is actually innocent and therefore it would be a fundamental miscarriage of justice not to consider the merits of his claims. "[T]enable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. __, __; 133 S. Ct. 1924, 1928; 185 L. Ed. 2d 1019, 1027 (2013) (quotation marks, brackets, and citation omitted). A petitioner who asserts actual innocence "must demonstrate innocence; the

burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). To do so, he must come forward "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In my prior order denying his request for counsel, I cautioned him "that if he has any new evidence to present, he needs to attach it. He also needs to explain how, in light of the new evidence, no reasonable juror could find him guilty of this murder." DE 46 at 8.

Instead of presenting evidence of his actual innocence, McChristian focuses on re-arguing the alleged errors that he believes were made by his public defender during trial. He also makes a vague argument that evidence might still exist, which if collected and presented by an attorney, could be used to impeach Michelle Thomas, the principal witness against, him by discrediting some of the testimony she gave. However, "latter-day impeachment evidence seldom, if ever, makes a clear and convincing showing that no reasonable juror would have believed the heart of the witness's account." *McDowell v. Lemke*, 737 F.3d 476, 484 (7th Cir. 2013) (quotation marks, brackets and ellipsis omitted) *quoting Sawyer v. Whitley*, 505 U.S. 333, 334, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). Such is the case here. McChristian has not explained how any of this impeachment evidence could directly undermine Thomas' testimony that she saw him enter the apartment with a gun, heard him argue with the victim, and then heard gun shots. As I explained in my prior order, though a juror could believe that the

4

inconsistencies in her testimony so undermined her credibility that none of her testimony was believable, such a conclusion is not inevitable. In order to prevail on an actual innocence argument, McChristian must bring forth evidence which proves that no reasonable juror could have voted to convict him. Even assuming that a lawyer could produce all of the evidence McChristian speculates might exist, a reasonable juror could still reasonably conclude that Michelle Thomas was confused or mistaken or even lying about various details to cover up her own personal involvement without having to discount her testimony about McChristian's role in the murder. In other words, even if a lawyer were able to gather all of the evidence that McChristian is asking for, it would still not be enough to demonstrate that no reasonable juror could vote to find him guilty. As such, McChristian cannot demonstrate actual innocence. Therefore, McChristian does not have any chance of winning even if he had a lawyer. Thus, there is no basis for appointing a lawyer in this case.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, I must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id*. at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id*.

As previously explained, all of the grounds raised by McChristian are procedurally defaulted. McChristian acknowledges that they are procedurally defaulted and there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. McChristian argued that the ineffective assistance of his direct appeal counsel was the cause for his procedural default. However, because he did not exhaust that argument in the State courts, all of his claims are fully defaulted. Again, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling either.

Lastly, McChristian argued that he was actually innocent. I have given him several opportunities to present evidence demonstrating his actual innocence. He has presented no such evidence. Though he speculates that there might be evidence which could undermine the credibility of a witness against him, even if all of that evidence existed, it would still not be sufficient to demonstrate that he is actually innocent. Actual innocence is extraordinarily difficult to prove and there is no basis for finding that jurists of reason would debate the correctness of my ruling that McChristian has not done so in this case.

For these reasons, the court **DENIES** the requests for counsel (DE 55, 56, 57, and 58), **DENIES** habeas corpus relief because all of the grounds are procedurally defaulted, and **DENIES** a certificate of appealability.

SO ORDERED.

ENTERED: May 12 , 2016

                                              s/Philip P. Simon
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT